## TEXAS & P. RY. CO. v. WIMBERLY et al. (No. 3717.)

Court of Civil Appeals of Texas. Texarkana.
June 26, 1929.

Rehearing Denied July 4, 1929.

J. H. T. Bibb, of Marshall, for appellant.
S. P. Jones and Franklin Jones, both of Marshall, for appellees.

HODGES, J. In September, 1928, Geo. A. Wimberly was killed in a railway collision which occurred at Cheneyville, La. In January following this suit was filed by his widow, Mrs. Geo. A. Wimberly, for herself and her two minor children, to recover damages for the death of her husband in the sum of $75,000. The appellant railway company filed a plea of privilege claiming the right to be sued in Dallas county, Tex., the place of its residence. This appeal is from an order overruling that plea.

The facts, which are undisputed, show that the Texas & Pacific Railway Company operates a line of railroad extending from El Paso, Tex., to New Orleans, La., passing through Gregg county, Tex., where this suit was filed, and Cheneyville, La., where the accident occurred. The domicile of the appellant is in Dallas county, Tex. At the time he was killed Wimberly was in the service of the appellant as a brakeman connected with a freight train which operated between two points in the state of Louisiana. Wimberly and his family resided in that state at the time the injury occurred. After the death of her husband, Mrs. Wimberly and her children moved to Orange, Tex., and were residing there when this suit was filed.

The only special provisions of the statute which relate to the venue of suits against railroad corporations for personal injuries are the following:

"Art. 1995. No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases. * * *

"23. * * * Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. Suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as otherwise provided by law. * * *

"25. * * * Suits against railroad corporations, or against any assignee, trustee or receiver operating any railway in this state, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the

plaintiff resided at the time of the injury. If the defendant railroad corporation does not run or operate its railway in, or through, the county in which the plaintiff resided at the time of the injury, and has no agent in said county, then said suit shall be brought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent. If the plaintiff is a non-resident of this state, then such suit may be brought in any county in which the defendant corporation may run or operate its railroad, or have an agent."

It was conceded by counsel for both parties in their oral argument that subdivision 25 has no application to the facts of this case. The injury occurred in another state, and the plaintiffs resided in another state at that time; but, at the time of filing the suit, the plaintiffs resided in this state. If subdivision 25 has no application, the question then is, What law regulates the venue for suits of this character? Counsel for the appellant contends that, if subdivision 25 be ignored as inapplicable, there remains no special exception to article 1995, which requires suits to be brought in the county of the residence of the defendant. A satisfactory answer to the question may be found by an inquiry into the history of legislation on that subject. Subdivision 23, as it now appears, was enacted in 1874. See General Laws of 1874, p. 31, c. 34. It was thereafter construed and applied as the law regulating the venue in all suits against railway corporations for personal injuries. St. L. & S. F. Ry. Co. v. Traweek, 84 Tex. 65, 19 S. W. 370. Subdivision 25 was enacted in 1901 (see General Laws of 1901, p. 31), and, being a later act and more specific in its terms, was treated as regulating the venue of suits for personal injury filed against railroads in those cases where the injury occurred in this state, or where the plaintiff resided in this state, or was a nonresident, at the time the injury occurred. It did not provide for venue in cases, like the present, where the plaintiff while a resident of this state sues for an injury which occurred in another state. The later act did not expressly repeal or modify the former, but superseded it in all cases to which both applied. Cases which were not provided for in the act of 1901 continued to be controlled by the former more comprehensive act. Repeals by implication extend only so far as there may be a conflict between the two laws. Where there is no conflict, the earlier law is not affected by the later. If subdivision 25 should be repealed, then clearly subdivision 23, being general in its terms, would control the venue of all suits against railroad corporations, including those for damages for personal injuries, just as it did before the act of 1901 was enacted. The ap-

pellees were nonresidents of this state at the time the injury occurred. If they had been such at the time this suit was filed, their right to file it in Gregg county would have been authorized by subdivision 25. If the venue of their suit is in any manner subject to the provisions of subdivision 25, it results from treating them still as nonresidents within the meaning of the law. It follows that the suit was properly filed in Gregg county, whether controlled by either subdivision 23 or subdivision 25.

The judgment will be affirmed.